United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50623
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARCELIA MARIA BETANCIS-AVALOS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1559-DB
---------------------

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Arcelia Maria Betancis-Avalos, a former communications officer with the United States consulate in Juarez, Mexico, appeals her jury convictions for four counts of accepting bribes and gratuities in violation of 18 U.S.C. § 201(b)(2)(C) and § 201(c)(1)(B). Betancis contends that the district court abused its discretion by prohibiting the cross-examination of a Government witness with the witness' prior, dismissed, drug charges and alleged pro-Government

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bias.  Betancis also contends that the evidence was insufficient to find her guilty on counts two, three, and four of the indictment.

Betancis' counsel cross-examined the Government witness with the fact that she was testifying under an agreement with the Government that had resulted in the dismissal of her own bribery indictment, facts from which the jury could infer that the witness was biased.  See United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993).  Accordingly, the scope of the examination satisfied the confrontation clause.  See Restivo, 8 F.3d at 278. Nothing in the witness' testimony in the bill of particulars creates an inference that she was biased toward the Government on account of the dismissed drug charges; Betancis therefore has not demonstrated that the district court's limitation of cross-examination was clearly prejudicial to her.  See id. at 278 & n.12.

Betancis' sufficiency challenge fails.  The jury could infer from the evidence that Betancis received cash and other gratuities "in return for" expediting visas, as alleged in count three.  See 18 U.S.C. § 201(b)(2)(C); United States v. Tomblin, 46 F.3d 1369, 1380-81 (5th Cir. 1995).  The jury also could infer that the money and other benefits received by Betancis were linked to specific instances of expediting visas, as alleged in counts two and four. See 18 U.S.C. § 201(c)(1)(B); United States v. Sun-Diamond Growers, 526 U.S. 398, 414 (1999).

AFFIRMED.